Hummer, et al., vs. Schott.

*Order reversed.*

(Decided April 14th, 1864.)

---

HENRY HUMMER AND THE GERMANIA BUILDING ASSOCIATION, *vs.* FRANCIS SCHOTT.

VENDORS' LIEN: WAIVER.—Where the agreement of sale of land was, that the vendor should receive the cash payment, and the balance as soon as the vendee could raise it by mortgage, to enable the vendee to do which the vendor agreed to and did convey the property, taking in lieu of his lien the note of the vendee with an endorser; HELD.

That whether the surety's relation to the note was that of endorser, co-promisor, or guarantor, is immaterial. The lien was expressly waived, and independent collateral security accepted instead; and the right of the vendor under such circumstances to pursue the land was extinguished.

APPEAL from the Equity side of the Superior Court of Baltimore City:

The bill in this case was filed by the appellee against the appellants, to enforce a vendor's lien on a certain house and lot in the City of Baltimore, sold by the appellee to the appellant Hummer, and by the latter mortgaged to the Germania Building Association. The case is stated in the opinion of this Court. The Court below, (MARTIN, J.,) granted the relief prayed for by the complainant, and the defendants appealed.

The cause was submitted to the Court on printed arguments: Bowie, C. J., Bartol, Goldsborough and Cochran. J.

*Edward Duffy,* for the appellants: .

Where real property is sold, the law gives to the vendor a lien upon the property for the unpaid purchase money, which lien, like any other right, may be waived, it being always incumbent upon the purchaser to shew the fact of such waiver. Now the theory of the law being, that the vendor in giving credit looked to the property as his security, if it appear that he has taken other and distinct security, the natural, and therefore the legal conclusion is, that he intended to rely upon it, and not on the land, and in such cases the right to the lien is waived. *Gilman vs. Brown,* 1 *Mason R.,* 191. 4 *Kent's Com.,* 153. *Brown vs. Gilman,* 4 *Wheat.,* 291. *Fish vs. Howland,* 1 *Paige,* 20. *Boon vs. Murphy,* 6 *Blackf.,* 272. *Way vs. Patty,* 1 *Carter (Ind.) Rep.,* 102. *Magruder vs. Peter,* 11 *G. & J.,* 217, 244.

Again, the existence or waiver of the lien is a question to be determined upon the circumstances of the case. If the taking of an endorsed note is not of itself a waiver of the lien, yet if it be shewn that the very object of the endorsement was to destroy the lien, the lien cannot exist. The proposition of Schott was, that if Mayer would *endorse* the note, he would abandon the lien, upon which Mayer says, that he then *endorsed* the note. The intention therefore of all the parties was, that Mayer's signature should be an endorsement. *Waterbury vs. Sinclair,* 26 *Barb.,* 455. *Schollenberger vs. Nehf,* 28 *Penna. R.,* 189. *Sto. on Prom. Notes,* sec. 479. *Hoffman & Riser vs. Coombs,* 9. *Gill,* 286.

*L. M. Reynolds,* for appellee:

1st. The Court had jurisdiction. Code, Art. 16, sec. 30.
2nd. The lien was not waived by taking the note, it be-

ing the personal undertaking of Hummer and no more. Schott was entitled to the note of Hummer endorsed by Mayer, so as to make it in the hands of Schott a negotiable security, with Mayer's liability to him as endorser, which kind of security and endorsement the note did not furnish. Nor did the superscription of Mayer render him liable as co-maker or guarantor of the note, there being nothing on the note to show the endorsement of Mayer was done at the time of making it.

3rd. The plea of recouper of loss sustained by Hummer, set up by his answer, cannot be entertained in a Court of Equity. *Story's Eq. Jur.*, secs. 794 to 799.

4th. If such plea be good the evidence does not sustain it.

5th. The Building Association took with notice. *Ringgold vs. Bryan*, 3 *Md. Ch. Dec.*, 488.

6th. Parol evidence of the terms of payment cannot countervail this note. *4th Ed. Phil. Ev.*, 2nd vol., p. 673.

Bowie, C. J., delivered the opinion of this Court:

The appellee filed an original and supplemental bill against the appellants, in the Superior Court of Baltimore City, to enforce a vendor's lien, on a certain house and lot sold by the appellee to the appellant Hummer, and mortgaged by the latter to the Germania Building Association. The bills allege the sale of the property on the 6th of October 1859, to the appellant Hummer, for the sum of $1200, $400 of which was paid in hand, the execution of a note by the purchaser, for the residue of the purchase money, with the endorsement of William H. Mayer thereon, the mortgage of the property by Hummer to the Germania Association, and the non-payment of the note; and prays a decree for the sale of the property to pay the purchase money.

The answer of the Germania Building Association admits the mortgage, excepts to the sufficiency of the allegations in the bills, and professing ignorance of the other facts, demands proof. The answer of the appellant Hummer, after admitting the sale and execution of the note,

says, that Schott was to receive "the cash payment, and the balance as soon as he was able to raise it, by mortgaging the property to a building association; that accordingly Schott gave to him a clear deed of said property, so that he could raise the balance of the purchase money by mortgaging the same and abandon all claim upon said property for said balance, and agreed to take in lieu thereof the note of the appellant Hummer, secured by his father-in-law, William H. Mayer, which was accordingly given him. A special replication was filed to these answers and testimony taken. The learned judge who decided this case below, says: "The complainant is to be considered as having made a conditional barter of the lien, to which he was entitled as the vendor of the estate in question, and for which he gave a deed to Henry Hummer; *that is,* the complainant consented to give the vendee a deed for the property, unencumbered by any equitable lien, provided Hummer gave his promissory note for the unpaid purchase money; that the note was to be endorsed by William H. Mayer, his father-in-law; this has been done, and Mayer having placed his name on the back of the note, ought perhaps to be treated as an original promisor or guarantor of the note. It was not that kind of security for which the complainant had stipulated and which he had the right to expect, a note of this description not having been furnished, the vendee cannot stand upon the position that the lien has been relinquished."

We think the evidence sustains the allegations of the defendant Hummer's answer, that the agreement of sale was, that the appellee should receive the cash payment and the balance as soon as he could raise it from the Building Association by mortgage. To enable the appellant Hummer to do which the appellee agreed to and did convey the property, taking in lieu of his lien the note of the appellant with William H. Mayer as surety or endorser.

Whether Mayer's relation to the note was that of endorsor, co-promisor or guarantor, is in our judgment im-

material. The lien was expressly waived, and independent collateral security accepted instead. The right of the vendor to pursue the land under such circumstances is extinguished. 1 *Mason Rep.*, 191. 4 *Kent's Com.*, 153. 4 *Wheaton*, 291.

For these reasons the decree below will be reversed and bill dismissed with costs.

*Decree reversed and bill dismissed with costs.*

(Decided April 15th, 1864.)